**BLACK & GERNGROSS**pc

ATTORNEYS AT LAW

JAMES J. BLACK, III
FREDERICK J. GERNGROSS
JEFFREY B. MICELI
ALFRED RAUCH III
MARK W. DRASNIN*
IVAN I. MIHAILOV**
E. ALEXANDER HAMMERSHAIMB

CLAUDIA PENTONY BLACK*+
KELSEY FLUEHR TRAINOR+

Members of PA & NJ Bar
*Members of PA Bar Only
**Member of PA, NJ & GA Bar
+Of Counsel

November 12, 2018

Hon. Mitchell S. Goldberg
U.S. Courthouse
601 Market Street, Room 7614
Philadelphia, PA 19106

      Re:    *Catlin Specialty Insurance Co. v. J.J. White, Inc., Sunoco, Inc., and Sunoco, Inc. (R&M)*. **CAFN 14-cv-1255**

Dear Judge Goldberg:

This Letter Brief responds to your Honor's Order of October 30, 2018, wherein the Court ordered the parties to address the question "What must J.J. White and Sunoco, as insureds, prove in order to prevail on their counterclaim seeking to recover, from their insurer, Catlin, the amount the insureds paid to settle the underlying case."[1] The answer is that under New York law[2] Insureds J. J. White and Sunoco (collectively "Sunoco" or "Settling Defendants") must show: on the facts known to them at the time they settled: (1) there was a potential liability to them arising from Gans'[3] allegations of exposure to benzene (or other chemicals) first occurring after the retroactive date contained in the policy; and (2) the settlement was reasonable in view of the size of the possible recovery and degree of probability of claimant's success.

---

[1] The Court also invited the parties to address *Maryland Cas. Co. v. W.R. Grace & Co.*, No. 88 Civ. 2613, 1996 WL 109068, *6-11 (S.D.N.Y. Mar. 12, 1996) and *In re Silicone Implant Ins. Coverage Litig.*, 667 N.W.2d 405, 413-16 (Minn. 2003).
[2] The Court's February 26, 2018 Opinion held that NY Law is applicable to the interpretation of the Catlin Policy.
[3] "Gans" is the underlying plaintiff in *Gans v. Sunoco, et al*, No. 111003399 (C.C.P. Phila. Co. 2011).

1617 JOHN F. KENNEDY BLVD. • SUITE 1575 • PHILADELPHIA, PA 19103 • Telephone (215) 636-1650 • Fax (215) 636-0268
• CHERRY HILL, NJ •    • PHILADELPHIA, PA •    • BRYN MAWR, PA •
www.blackgern.com

Hon. Mitchell S. Goldberg
November 12, 2018
Page 2

Also under New York law, and as illuminated by the reasoning of *W.R. Grace* and *In Re Silicone*, which were cited in the Court's prompt, the burden to show potential liability within the policy coverage, using the test articulated above by Settling Defendants, can be satisfied in (at least) two ways. Settling Defendants prevail if they prove *either*: (1) there was potential liability for Gans' AML caused by a pollution condition first occurring on or after April 30, 2002; or (2) that Gans' AML was not caused by a pollution condition which occurred before April 30, 2002 - - because the liability of Settling Defendants to Gans is presumed by the entry of a reasonable settlement.[4]

In this case, the Court should follow the well-trodden path of New York insurance law on these issues. As discussed in Sunoco's prior briefs,[5] New York law is clear that: (1) a settling defendant need not prove that it was actually liable to the defendant. *See, e.g. J.P. Morgan Sec. Inc. v. Vigilant Ins. Co.*, 51 N.Y.S.3d 369, 380 (N.Y. Sup. 2017), *amended*, (N.Y. Sup. Ct. Aug. 7, 2017); *Luria Bros. & Co. v. Alliance Assur. Co., Ltd.*, 780 F.2d 1082, 1091 (2d Cir. 1986); (2) an insured cannot be placed in the "hopelessly untenable position of having to refute liability in the underlying action until the moment of settlement, and then of turning about face to prove liability in the insurance action." *W.R. Grace,* at *7 (citing *Uniroyal, Inc. v. Home Insurance Co.*, 707 F.Supp. 1368, 1378-79 (E.D.N.Y. 1988)); and (3) an insurer who breaches its duty to defend may not assert a defense that the settling defendant was not actually liable to the injured party. *See, e.g. Olin Corp. v. Insurance Co. of North America*, 2015 WL 1782194 at * 3-4 and n.1 (S.D.N.Y. April 15, 2015) *aff'd in part, vacated in part,* 864 F.3d 130

---

[4] Where such liability is presumed, disproving pre-retro date liability necessarily proves post-retro date liability.
[5] D.E. # 117-1, pp. 4-6; D.E. # 121, pp. 6-8.

(2d Cir. 2017); *Lang v. Hanover Ins. Co.*, 820 N.E.2d 855, 859 (N.Y. 2004) ("having chosen not to participate in the underlying lawsuit, the insurance carrier may litigate only the validity of its disclaimer and cannot challenge the liability or damages determination underlying the judgment"). These legal principles are not controversial and have been adopted by numerous jurisdictions. *See, e.g. United Nat. Ins. Co. v. Faure Bros. Corp.*, 2016 WL 121962, at *5 (Ill. App. Ct. Jan. 11, 2016), *app. den.* 50 N.E.3d 1143 (Ill. 2016).

These principles are also consistent with the seminal New York decisions in *Servidone Const. Corp. v. Sec. Ins. Co. of Hartford*, 477 N.E.2d 441, 445 (N.Y. 1985) and *K2 Inv. Group LLC v. American Guarantee & Liability Ins. Co*, 6 N.E.3d 1117, 1119 (N.Y. 2014) where the Court of Appeals addressed whether an insurer may, after breaching its duty to defend, still seek determination of coverage defenses **that do not depend on facts established in the underlying dispute.**[6] *K2,* 6 N.E.3d at 1119. In neither case did the insurer "seek…to litigate the issues in the underlying case. *It is well established that such relitigation is not permitted after an insurer has breached its duty to defend….* " *Id.* (emphasis added). New York cases uniformly hold that the legal principle that an insured need not show actual liability to recover after a settlement is not inconsistent with *Servidone* and *K2. See, e.g., W.R. Grace*, 1996 WL 109068, at *7 (stating *Luria Bros.* is "not inconsistent with *Servidone*"); *Olin,* 2015 WL 1782194 at * 3-4 and n.1 (rejecting claim that *Servidone* and *K2* allowed litigation of the actual facts relating to liability).

---

[6] Unlike other states, under NY law, when an insurer breaches its duty to defend, that breach alone is not always determinative of the insurer's duty to indemnify a reasonable settlement. However, additional proof is required only when additional policy defenses were asserted by an insurer which rely on facts that are separate and apart from, and go beyond,the allegations of the underlying claim. In the case at bar, Catlin has asserted no such defenses.

Sunoco faces a similar situation as the insured in *W.R. Grace,* who was attempting to determine whether a claim was covered by a particular insurer by establishing when its asbestos containing material ("ACM") could have been installed in a property associated with a particular claim. The *W.R. Grace* Court explained: "Since under *Luria* Grace does not have a burden to show that, in fact, its ACM was ever actually installed in a building involved in a settled case, it is hard to understand why Grace should be expected to prove the date of the non-installation." 1996 WL 109068 at * 7. This led the *W.R. Grace* court to determine that the insured could satisfy its burden of proof through the use of statistical information, or other information which would show that there was ***some*** installation in the years covered by the insurance policy, but not requiring a showing of actual installation in the building involved in a settled case. *Id.* at *9-11.

Similarly, in *In re Silicone*, the insured "defended the claims on the grounds that the underlying plaintiffs were unable to prove that the implants caused any of the alleged injuries" but ultimately settled. 667 N.W.2d at 410. The Minnesota Supreme Court recognized that science had not established a causal connection between silicone breast implants and systemic autoimmune disease, but held that the posture of the case as settled required that assumption:

> Nevertheless, we conclude for purposes of this insurance coverage litigation, which arises from a settlement that is premised on the notion that silicone gel breast implants caused plaintiff' injuries, that the district court properly assumed the plaintiffs' injuries are authentic and were caused by the silicone gel breast implants. This assumption, on which the district court's finding of cellular injury is based, was necessary to determine when the policies were triggered.

667 N.W.2d at 416.

Indeed, the Court specifically noted that insurers "cannot at this post-settlement stage of

Hon. Mitchell S. Goldberg
November 12, 2018
Page 5

the proceedings deny coverage for the losses 3M incurred in its settlement on the theory that the silicone did not injure the plaintiffs." *Id.* This is consistent with *W.R. Grace* and New York law which do not permit an insurer to controvert the actual liability of a settling insured, particularly where, as here, the insurer has breached its duty to defend.

Applying New York law and the concepts of *In re Silicone* and *W.R. Grace* on settled claims to this case, it is clear that Catlin may not contest the liability of Sunoco to Gans, and thus, as in *In re Silicone*, Gans' injuries should be presumed to be caused by the chemicals produced in Sunoco's operations.

Ignoring numerous holdings to the contrary, Catlin's position that Settling Defendants must prove that a post-retroactive date pollution condition caused Gans' leukemia is insupportable and contrary to express New York law.

In conclusion, Sunoco may satisfy its burden of proving that the potential liability falls within the coverage by showing *either*: (1) based on the facts known to it at the time there was potential liability to Gans for AML caused by a pollution condition first occurring on or after April 30, 2002; or (2) that Gans' AML was not caused by a pollution condition which occurred before April 30, 2002 (because liability to Gans is presumed this is sufficient to prove post-retroactive date liability).

Very truly yours,

*/s/ James J. Black, III*
James J. Black, III, Esquire
Black & Gerngross, P.C.
Attorneys for Defendant/Counterplaintiff,
J.J. White, Inc. and Counterplaintiffs,
Sunoco, Inc. and Sunoco, Inc. (R&M)

Hon. Mitchell S. Goldberg
November 12, 2018
Page 6

cc:   Patrick Tomovic, Esq. via electronic mail to ptomovic@hselaw.com
      Lauren Mendolera, Esq. via electronic mail to lmendolera@hselaw.com
      David Helwig, Esq. via electronic mail to dhelwig@moodklaw.com
      Patricia Fecile-Moreland, Esq. via electronic mail to pmoreland@moodklaw.com